IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KELLY CRAWFORD, RECEIVER OF     §
BRAZOS ROCK, INC.,              §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:17-CV-806-A
                                §
DEVON ENERGY PRODUCTION         §
COMPANY, L.P.,                  §
                                §
        Defendant.              §

## MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration and decision is the motion to remand filed by plaintiff, Kelly Crawford, Receiver of Brazos Rock, Inc., in the above-captioned action. Having considered the motion, the response of defendant, Devon Energy Production Company, L.P., plaintiff's reply, defendant's sur-reply, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Plaintiff initiated this action on August 25, 2017, by the filing of an original petition in the District Court of Parker County, Texas, 43rd Judicial District. The action was subsequently transferred to the District Court of Parker County, Texas, 415th Judicial District, and then removed by defendant to

this court on October 9, 2017, on the basis that this court had subject matter jurisdiction by reason of diversity of citizenship, and that the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.

II.

Grounds of the Motion

Plaintiff contends that remand is proper because the 415th Judicial District Court of Parker County, Texas, is by order of that court the exclusive jurisdiction to adjudicate plaintiff's claims. Plaintiff also argued in its motion that remand of this case is proper because defendant waived its right to remove the case by filing the notice of removal too late. In plaintiff's reply, he conceded that his arguments are without merit, but argued that this court should still abstain from exercising jurisdiction and grant his motion to remand because of the equitable nature of his claims against defendant.

III.

Analysis

Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Defendant's notice of removal stated that it is a citizen of

Oklahoma and Delaware and that plaintiff is a citizen of Texas. Further, defendant pointed out that plaintiff's damages, as stated in his state court petition, far exceed the $75,000.00 threshold required for removal to federal court based on § 1332. Thus, exercising jurisdiction on the basis of diversity of citizenship in this case is proper unless plaintiff can point to a reason the court should abstain from exercising such jurisdiction.

Plaintiff urges the court to abstain from exercising jurisdiction, because, he argues, "this Court has the discretion in equity to abstain from exercising such jurisdiction." Doc.[1] 12 at 1-2. Presumably, though he never explicitly states so, plaintiff is requesting that the court abstain from exercising jurisdiction under the Burford abstention doctrine, which allows a court to abstain from exercising jurisdiction whenever doing so would unduly interfere with complex administrative procedures.[2] Burford v. Sun Oil Co., 319 U.S. 315 (1943). Under the Burford doctrine,

> [w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of

---

[1] The "Doc. __" reference is to the number of the item on the court's docket in this action.

[2] Though plaintiff never explicitly states that he is requesting the court abstain from exercising jurisdiction based on the Burford doctrine, the court assumes such was his intent based on his citing of the Quackenbush decision, which dealt with such legal principle almost exclusively.

3

> state administrative agencies: (1) when there are
> difficult questions of state law bearing on policy
> problems of substantial public import whose importance
> transcends the result in the case then at bar; or (2)
> where the exercise of federal review of the question in
> a case and in similar cases would be disruptive of
> state efforts to establish a coherent policy with
> respect to a matter of substantial concern.

New Orleans Pub. Serv., Inc. v. Council of New Orleans ("NOPSI"), 491 U.S. 350, 361 (1989)(internal quotation marks omitted). "Essentially, Burford instructs a district court to weigh the federal interests in retaining jurisdiction over the dispute against the state's interests in independent action to uniformly address a matter of state concern, and to abstain when the balance tips in favor of the latter." Webb v. B.C. Rogers Poultry, Inc., 174 F.3d 697, 700 (5th Cir. 1999).

Plaintiff cites Quackenbush v. Allstate Insurance Company for the proposition that this action should be remanded due to the equitable nature of his quantum meruit and unjust enrichment claims. See 517 U.S. 706 (1996). But the claims raised by plaintiff here are not the type that warrant a Burford abstention. The Fifth Circuit, in interpreting Quackenbush, has explicitly stated that, "an action seeking damages never warrants abstention." Webb, 174 F.3d at 701. Plaintiff is seeking actual damages from defendant in the amount of $434,196. Doc. 1 at 15. Accordingly, abstention is not proper, see Quackenbush, 517 U.S. at 731; Webb, 174 F.3d at 703, nor should the action be remanded.

IV.

Order

Based on the foregoing,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

SIGNED December 7, 2017.

JOHN McBRYDE
United States District Judge